CHRIST, Appellant, et al.

v.

KONSKI, Appellee, et al.

[Cite as *Christ v. Konski*, 181 Ohio App.3d 682, 2009-Ohio-1460.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1341.

Decided March 20, 2009.

James D. Caruso, for appellant.

Dirk E. Riemenschneider and Timothy A. Spirko, for appellee.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which vacated its own prior order granting appellant's motion for leave to amend his complaint to add a new party defendant. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellant, Richard J. Christ, sets forth the following assignment of error:

{¶ 3} "1. The trial court abused its discretion in vacating its June 23, 2008 order, denying plaintiff's motion for leave to amend his complaint to name an additional party defendant, and striking plaintiff's amended complaint with respect to new party defendants Elizabeth Ann Del Buono, M.D. and Consultants and Laboratory Medicine of Greater Toledo, Inc."

{¶ 4} The following undisputed facts are relevant to the issues raised on appeal. The crux of this case is the propriety of a procedural decision of the trial court. The scope of this appeal does not pertain to the substantive merits of appellant's malpractice allegations connected to the medical treatment of appellant's late wife. Appellee, Andre Konski, was one of the physicians involved in the decedent's medical treatment.

{¶ 5} The underlying negligence complaint was initially filed on August 9, 2005, on behalf of Mary Jo Christ, who was living at the time of the filing but passed away during the pendency of the case.

{¶ 6} The case was voluntarily dismissed. It was subsequently refiled on January 7, 2008. The refiling was intended to reflect the intervening death of Christ, as well as to curtail the volume of defendants named in the refiled action.

{¶ 7} On June 11, 2008, appellant deposed one of appellee Konski's medical expert witnesses, pathologist Richard Zarbo, M.D. In the course of Zarbo's

deposition, this expert witness testified to his previously unknown professional opinion that a pathologist involved prior to decedent's original surgery breached the requisite standard of care and thereby compromised the effectiveness of surgical intervention that was conducted in reliance on the pathologist's findings.

{¶ 8} Given the significance and relevance of this deposition testimony, approximately a week after the deposition, appellant filed a motion for leave to amend the complaint and name the pathologist, whose treatment Zarbo construed as deficient, as an additional party defendant.

{¶ 9} On June 23, 2008, the trial court granted appellant's motion for leave to amend the complaint with an additional party defendant. In conjunction with this, the trial court also granted appellant's motion to vacate the existing August 18, 2008 trial date. In reliance upon this judgment of the trial court, appellant filed the amended complaint including the pathologist as an additional party defendant rather than filing a separate complaint.

{¶ 10} In response, appellee filed a motion for relief from judgment on both the leave to amend the complaint and on vacating the trial date. In support, appellee claimed that the leave to amend was untimely and prejudicial and simultaneously asserted that vacating the trial date would adversely affect appellee's patient care, ability to earn a living, and insurance status. No objective evidence was furnished in support of these claims.

{¶ 11} On July 30, 2008, the trial court expressly adopted appellee's arguments without limitation, vacated its prior order granting leave to amend, struck the amended complaint from the record, yet affirmed its prior order vacating the trial date. This is significant, as these same adopted arguments went against vacating the trial date. Appellant filed timely notice of appeal.

{¶ 12} In his sole assignment of error, appellant maintains that the trial court abused its discretion in its July 30, 2008 order vacating its prior order granting the motion for leave to amend the complaint. In support, appellant points out that the disputed order does not articulate an independent basis for the reversal of action, but rather unilaterally adopts appellee's arguments. Appellant maintains that this is troublesome inasmuch as the second portion of the July 30, 2008 order, affirming the vacation and rescheduling of the trial, actually goes against the arguments expressly adopted by the order.

{¶ 13} Appellant further contends that the disputed trial-court actions would intrinsically result in the extinguishment of appellant's right to pursue action against the pathologist because the statute of limitations had not run as of the time the court originally granted appellant's motion for leave to amend, but the statute had run by the time the court reversed its action and struck the amended complaint including the pathologist from the record. Appellant asserts that

procedurally foreclosing his right of recovery against the pathologist contravenes fundamental principles of fairness and justice that are not supposed to be adversely compromised by procedural rules.

{¶ 14} It is well established that motions to amend are treated with favor and deference, given the requisite liberal application of the relevant rules. Motions to amend should be denied only in extreme circumstances, such as evidence of bad faith, undue delay, or undue prejudice. *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 99, 706 N.E.2d 1261. Controlling case law also establishes that a key consideration is to ascertain whether the amendment was merely a delaying tactic or resulted in actual prejudice to the nonmoving party. *Darby v. A–Best Prods. Co.,* 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 20.

{¶ 15} In conjunction with the above, this court has consistently held that determinations on whether to grant a motion for leave to amend pleadings lie squarely within the sound discretion of the trial court. *Stevens v. Cox,* 6th Dist. No. WD–08–020, 2009-Ohio-391, 2009 WL 223897, ¶ 59. An abuse of discretion connotes more than a mere error of law or judgment. It requires a finding that the trial court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 16} We have carefully reviewed the record of evidence to determine whether the trial court's judgment in vacating its prior order granting leave to amend constituted an unreasonable or arbitrary act.

{¶ 17} The record reflects that within a week of taking the deposition of the pathology expert who disputes the propriety of the treating pathologist's standard of care, appellant filed a motion to amend his complaint to name the treating pathologist as an additional party defendant. This constitutes neither an unreasonable delay nor a mere tactic. It is a necessary and determinative component of appellant's case.

{¶ 18} While appellee contends that the amendment and continuation of the trial date will require scheduling issues for appellee and some additional discovery, there is nothing in the record to establish undue, actual prejudice against appellee in permitting appellant to amend the complaint to include the treating pathologist as an additional named party defendant. While it may involve inconvenience, actual prejudice was not demonstrated. On the contrary, barring appellant from pursuing action against the pathologist whom appellee's own expert witness believes breached the standard of care with adverse consequences to decedent would constitute extreme actual prejudice.

{¶ 19} The record establishes that the trial court's judgment in vacating its prior granting of leave to appellant to amend his complaint without articulating

686

an independent basis for the reversal of action in sole reliance upon wholly adopted arguments of appellee that actually contradict portions of the judgment was arbitrary and unreasonable. It runs counter to the required deference with which motions to amend are to be treated. Neither unreasonable delay nor actual prejudice was shown. The trial court abused its discretion. We find appellant's assignment of error well taken.

{¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision and judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed.

SKOW, P.J., and PIETRYKOWSKI, J., concur.